IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOESPH KREBS, *Plaintiff* | } } } | |
| v. | } } } | CIVIL ACTION NO. H-05-0794 |
| WALTER GRAY Individually, AL SMITH Individually, REGINALD BAILEY, SR., Individually, and WORLDWIDE NETWORK SERVICES, L.L.C., *Defendants* | } } } } } } | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants Walter Gray, Al Smith, Reginald Bailey Sr., and Worldwide Network Services's motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, or, in the alternative, to transfer venue (Doc. 5). For the following reasons, the Court **ORDERS** that Defendants' motion is **GRANTED**.

**I. RELEVANT JURISDICTIONAL FACTS[1].**

Worldwide Network Services ("Worldwide") is a limited liability company incorporated in Delaware with its principle place of business in Washington, D.C.. Worldwide is a sub-contractor/contractor providing services under U.S. Government contracts in Afghanistan and Iraq. As part of its Afghanistan operations, Worldwide provides subcontractor services to DynCorp International FZ, L.L.C., a Texas company. DynCorp is Worldwide's largest customer. Reginald Bailey Sr., Walter Gray, and Al Smith are all Worldwide employees. Gray and Bailey are Maryland citizens. Smith is a New York citizen. None of them have any contact with Texas.

---

[1] "Where the district court decides the motion to dismiss without holding an evidentiary hearing, the plaintiff must make only a prima facie showing of the facts on which jurisdiction is predicated. In determining whether a prima facie case exists, the court must accept as true the plaintiff's uncontroverted allegations, and resolve in its favor all conflicts between the jurisdictional facts contained in the parties affidavits and other documentation. Freudensprung v. Offshore Technical Services Inc., 379 F.3d 327 (5th Cir. 2004).

Plaintiff Joseph Krebs, a Texas citizen, applied for a job posted on Worldwide's website. He received an offer of employment as a communications specialist in Afghanistan, and entered into an employment agreement with Worldwide in the District of Columbia.. Krebs began work in Afghanistan in April 2004, and was terminated in June. After returning to the United States, Krebs filed a complaint with the EEOC and was issued a right to sue letter. He then initiated the instant suit.

## II. LEGAL STANDARD

Under federal law, the exercise of jurisdiction over a nonresident defendant is proper if two prongs are satisfied. First, the defendant must have purposefully availed himself of the forum state, thereby establishing "minimum contacts." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Bullion, 895 F.2d at 216. Second, exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987). The minimum contacts prong of the inquiry is subdivided into contacts that will produce specific jurisdiction and contacts that will produce general jurisdiction. Specific jurisdiction will arise when defendant's contacts produced, or are related to, the cause of action. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). General jurisdiction will arise when a defendant's contacts are so "continuous and systematic" as to make him amenable to suit on any cause of action. Id. at 414 n.9; Jones v. Petty-Ray Geophysical, Gesosource. Inc., 954 F.2d 1061, 1068 (5th Cir. 1992) ("[W]here the defendant's forum activities are continuing and systematic, jurisdiction may be proper without a relationship between a defendant's particular act and cause of action.").

The Fifth Circuit has repeatedly found that the "minimum contacts analysis is broader and more demanding when general jurisdiction is alleged, requiring a showing of substantial activities in the forum state." Jones, 954 F.2d at 1068. The Supreme Court appears to agree: in Helicopteros, a case declining to find general jurisdiction over a nonresident defendant in Texas, the defendant's contacts with Texas consisted of "sending its chief executive officer to Houston for a contract-

negotiation session; accepting into its New York bank account checks drawn on a Houston bank; purchasing helicopters, equipment, and training services from Bell Helicopter for substantial sums; and sending personnel to Bell's facilities in Fort Worth for training." 466 U.S. at 416.  In Wilson v. Belin, 20 F.3d 644 (5th Cir. 1994), another case declining to find general jurisdiction, defendant lawyer performed, on average, one legal project per year for Texas firms, gave a legal seminar in Texas, served as a legal consultant to a historical society in Dallas, gave interviews to Texas newspapers, and wrote a book that was circulated in Texas. Id. at 650; but see, Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 779 (5th Cir. 1986) (upholding general jurisdiction over a nonresident defendant that attended college in, owned real estate in, travelled to, and conducted extensive business dealings in the forum state to such an extent that, *in toto,* his contacts evidenced "constant and extensive personal and business connections with [the forum state] throughout [the nonresident defendant's] adult life").

## III. ANALYSIS

In this case Plaintiff concedes that specific jurisdiction over Defendants does not exist. Pl.'s Resp. at ¶ 14 ("The case at bar turns on general jurisdiction . . . ").  Therefore, the Court's task is limited to determining whether general jurisdiction is proper over any of the Defendants. Plaintiff asserts no basis for jurisdiction over Bailey, Gray, and Smith independent of their relationship with Worldwide.   As to Worldwide, Plaintiff argues that jurisdiction is proper because Worldwide's biggest customer is based in Texas and Worldwide maintains a national website.  After carefully considering the briefing and relevant facts, the Court is convinced that these contacts are insufficient.  Worldwide does not conduct business or maintains offices in Texas. Additionally, its website is passive and does not interchange information with Texas users.  Therefore, to exercise jurisdiction over Worldwide based on the mere fortuity that its biggest customer is a Texas corporation would violate due process.

## IV.  CONCLUSION

For the aforementioned reasons, the Court **ORDERS** that Defendants Walter Gray, Al Smith, Reginald Bailey Sr., and Worldwide Network Services's motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction (Doc. 5) is **GRANTED**. Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** at Houston, Texas, this 9th day of March, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE